IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT CARSWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:13-CV-62 (CAR) |
| MICHAEL J. MOORE and | : | |
| STEWART R. BROWN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR EVIDENTIARY HEARING

Before the Court is *pro se* Plaintiff Robert Carswell's "Motion for Evidentiary Hearing" [Doc. 9]. For the reasons stated herein, Plaintiff's Motion is **DENIED**, and his complaint is **DISMISSED without prejudice**.

Plaintiff filed this action on February 19, 2013. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days from that date to perfect service on Defendants. There is no indication in the record that either of the Defendants has received service of the summons and complaint. Thus, on August 20, 2013, in conjunction with the Order on Plaintiff's Motion for Bounce Protection [Doc. 8], the Court directed Plaintiff to show cause, within fourteen (14) days, why his case should not be dismissed for failure to serve Defendants with a copy of the complaint [Doc. 1] within the requisite 120 days.

In response to that Order, Plaintiff filed the present Motion. Although Plaintiff's Motion is largely unresponsive to the Court's request, the Motion does state that "Plaintiff is not able to diligently process his case and serve [D]efendants because of attorney Lori Dodson," who Plaintiff alleges is willfully obstructing the progression of this lawsuit.

In order to avoid dismissal, "Plaintiff bears the burden of showing good cause" for failure to serve Defendants.[1] Plaintiff can meet that burden by showing "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."[2] However, mere conclusory allegations of obstructive conduct will not suffice to show good cause.[3]

In the present case, Plaintiff contends that a third party obstructed his ability to serve Defendants but does not specify what this third party allegedly did to thwart his efforts. Moreover, Plaintiff has not made any showing as to what efforts he has made

---

[1] *Will-Burn Recording & Pub. Co. v. Universal Music Grp. Records*, CIV.A. 08-0387-WS-C, 2008 WL 4793291, at *2 (S.D. Ala. Nov. 4, 2008) (citing *Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004)).
[2] *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quotation and citation omitted).
[3] *See Lloyd v. Foster*, 298 F. App'x 836, 842 (11th Cir. 2008) (finding plaintiff failed to show good cause based on plaintiff's conclusory statement that defendants intentionally avoided service); *Stephens v. Georgia Dep't of Transp.*, CIVA 5:08-CV-219-CAR, 2009 WL 3747167, at *2 (M.D. Ga. Nov. 4, 2009) (holding plaintiff failed to show good cause in part because plaintiff provided only a conclusory statement that defendants "managed to avoid service").

to attempt service, nor has he requested additional time to perfect service.[4]  Based on the foregoing, the Court finds Plaintiff has not met his burden of showing good cause for failure to serve the named Defendants.

However, before dismissing the case, "the district court must still consider whether any other circumstances warrant an extension of time [for Plaintiff to perfect service] based on the facts of the case."[5]  The Court acknowledges that Plaintiff in this case is proceeding without counsel.  But while courts "are to give liberal construction to the pleading of *pro se* litigants," such generosity does not excuse *pro se* litigants from failing "to conform to procedural rules."[6]  Plaintiff is required to comply with the procedural rules here, and any "failure to understand Rule 4(m) does not excuse [his] failure to provide timely service."  In this case, the Court sees no basis for extending the time for Plaintiff to serve Defendants.

Accordingly, the Court hereby **DISMISSES the Complaint** [Doc. 1] **without prejudice** and **DENIES** Plaintiff's Motion for Evidentiary Hearing [Doc. 9] as moot.

---

[4] *See Stephens*, 2009 WL 3747167, at *2 (holding plaintiff failed to show good cause because "[p]laintiff ha[d] not specified any efforts he ha[d] made to serve these individuals" nor "requested an extension of time to obtain service on these individuals.")

[5] *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

[6] *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation and citation omitted); *see also Nelson v. Barden*, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.").

**SO ORDERED,** this 23rd day of October, 2013.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ADP/ssh